IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00817-MEH

JOYCE CHARNEY,

    Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

    Defendant.

___

**ORDER ON MOTION FOR ATTORNEY'S FEES**
___

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's Motion for Attorney's Fees Under [the] Equal Access to Justice Act, 28 U.S.C. § 2412(d) [filed December 3, 2014; docket #33]. The motion is fully briefed, and the Court finds that oral argument will not assist in the adjudication of the motion. For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** the Plaintiff's motion.

    The facts and procedural history of this case are set out at length in the record and in this Court's October 6, 2014 order. In that order, the Court reversed the decision of the Administrative Law Judge ("ALJ") and remanded the matter to the Defendant, the Commissioner of Social Security, for further proceedings. Docket #31. Pursuant to the Court's order, the Clerk of the Court entered judgment in Plaintiff's favor. Docket #32. Thereafter, Plaintiff timely filed the present motion pursuant to the EAJA seeking an award of attorney's fees in the amount of $9,841.14. Docket #33. She argues she is entitled to the award because the Commissioner's position in this case was not

substantially justified, in that the Court found the ALJ did not properly weigh the treating physician's opinion.

The Commissioner responds that the attorney's fees Plaintiff requests are unreasonable in that the number of hours is excessive and some hours expended are not compensable. Plaintiff replies emphasizing that the Commissioner neither argued that her position in this case was substantially justified nor objected to the hourly rate requested; Plaintiff then rebutted the "reasonableness" argument asserting that certain clerical tasks could not be "separated out" from legal services and conceding to a reduction of .5 hours. Having reviewed the motion, briefs and the entire record, the Court finds as follows.

The Equal Access to Justice Act ("EAJA") provides for an award of attorney's fees to a prevailing party, other than the United States, in a civil action brought by or against the United States, unless the Court finds that the position of the United States was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). The substantial justification test is one of reasonableness in law and fact; thus, a position is substantially justified if it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A "position can be justified even though it is not correct, and ... it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct." *Id.* at 566 n.2.

"Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which

fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B); *see also Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "The government bears the burden of demonstrating that its position was substantially justified." *Id.* A district court retains discretion to determine whether this standard has been met. *Id.*; *see also Pierce*, 487 U.S. at 561-62. In exercising that discretion, the Court must consider the case "as an inclusive whole, rather than as atomized line-items." *Comm'r, Immigration & Naturalization Servs. v. Jean*, 496 U.S. 154, 161-62 (1990).

On October 6, 2014, this Court found in favor of the Plaintiff, reversed the ALJ's decision, and remanded the matter to the Commissioner of Social Security for further proceedings. Thus, it is undisputed that the Plaintiff is the prevailing party in the current matter. *See Hackett v. Barnett*, 475 F.3d 1166, 1168 (10th Cir. 2007) (a claimant is the prevailing party when the district court remands to the Commissioner of Social Security under 42 U.S.C. § 405(g)).

Defendant does not argue that her position was substantially justified in this case; accordingly, the Defendant has not met her burden in this regard. The Court must conclude, then, that the Defendant's position was not substantially justified. Moreover, no party argues and the Court finds no special circumstances making an award of fees and costs unjust in this case. *See* 28 U.S.C. § 2412(d)(1)(A). Therefore, the Plaintiff is entitled to an award of attorney's fees and costs under the EAJA, but the Court agrees with Defendant that Plaintiff's requested fee award should be reduced.

To determine a reasonable fee request, the Court must first calculate the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

First, the Court finds the requested hourly rate of $191.09 is reasonable. The majority of Plaintiff's counsel's work occurred in July 2014 at which time the Plaintiff filed her opening brief. Thus, considering the cost of living increase – calculated pursuant to the Consumer Price Index for urban wage earners in the western region – in or about July 2014, the base hourly rate of $125 is properly adjusted to $191.09. The Defendant does not challenge this requested rate.

Rather, the Defendant challenges the number of hours Plaintiff contends was expended – a total of 51.50 hours – in the litigation of this case. For the following reasons, the Court agrees. First, the Court finds excessive the hours of work expended by a seasoned, experienced attorney for this uncomplicated, single-plaintiff case. According to her affidavit, Ms. Noel has more than 27 years' experience in litigating social security cases.

Second, the Court agrees that the scope of this case does not support Plaintiff's requested hours; a 590-page record is neither large nor excessive for the claims raised in this case. Third, the Court agrees that Plaintiff improperly requests recovery for hours expended on clerical tasks, such as filing documents and transcription. Accordingly, the Court finds that four hours is reasonable for initial review of the case and drafting the form complaint for the time period February 13, 2014 - May 20, 2014, and the Court will reduce Plaintiff's attorney's work on July 11, 2014 by one hour.

Fourth, the Court disagrees with Defendant that Plaintiff should not be compensated for her attorney's work on the motion for early remand. Judge Kane ruled on the merits of the motion, rather than found any procedural errors and, thus, the Court finds the hours expended on the motion to be compensable.

Finally, the Court finds that a request for "projected" hours, as set forth here for work on the present motion, is speculative and non-compensable; Plaintiff did not provide a statement listing the actual time her attorney spent working on the motion and/or reply brief.  *See* 28 U.S.C. § 2412(d)(1)(B) (requires "an itemized statement from any attorney ... stating the ***actual*** time expended and the rate at which fees and other expenses were computed") (emphasis added).  Nor did the Plaintiff provide support for the recovery of such fees under the circumstances of this case.

Despite Defendant's arguments to the contrary, the Court finds the Plaintiff's remaining number of hours expended in this case – 44.75 hours – reasonable in prosecuting this appeal.  *See, e.g., Preston v. Colvin*, No. 11-cv-02946-LTB, 2014 WL 2861691, at \*3 (D. Colo. June 24, 2014) (finding 55.2 hours reasonable); *Aragon v. Colvin*, No. 12-cv-01192-CMA, 2013 WL 5417121, at \*2 (D. Colo. Sept 26, 2013) (finding 40.6 hours reasonable); *Medina v. Astrue*, No. 08-cv-01501-WYD, 2010 WL 1254835, at \*3 (D. Colo. Mar. 26, 2010) (finding 50 hours reasonable and citing cases finding 45 to 53.25 hours reasonable).  Accordingly, the Court will award to the Plaintiff attorney's fees totaling $8,551.28.

THEREFORE, the Plaintiff's Motion for Attorney's Fees Under [the] Equal Access to Justice Act, 28 U.S.C. § 2412(d) [filed December 3, 2014; docket #33] is **GRANTED IN PART AND DENIED IN PART** and the Plaintiff is AWARDED a total of $8,551.28 in attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A).  The check shall be made payable to the Plaintiff and delivered to Plaintiff's counsel's office.  *See* 28 U.S.C. § 2412(d)(1)(A); *see also Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

Dated at Denver, Colorado this 31st day of December, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge